RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:13-CR-00348-JAD-PAL |
| Plaintiff, | ) | |
| v. | ) | |
| RONALD KIRSH, | ) | RONALD KIRSH'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

COMES NOW the Defendant, RONALD KIRSH, by and through the undersigned attorney of record, Richard A. Schonfeld, Esq., and hereby submits to this Honorable Court his Sentencing Memorandum. Defendant Kirsh is respectfully requesting that this Honorable Court impose a sentence of sixty months with a five years supervised release term to follow.

This motion is based upon the instant motion, the attached statement of facts and memorandum of points and authorities in support of this motion, the records and files in this

/ / /

1

action, and any and all other matters that may be presented prior to or at the time of the hearing.

DATED this 3rd day of December, 2013.

RESPECTFULLY SUBMITTED:

By: _____
Richard A. Schonfeld
Attorney for Defendant
Ronald Kirsh

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

1. **STATEMENT OF THE FACTS:**

   Mr. Kirsh plead guilty in this case pre-indictment. He has accepted responsibility for his conduct, expressed remorse for his conduct, and has undergone extensive counseling since the time of the offense.

2. **MR. KIRSH'S BACKGROUND:**

   Mr. Kirsh has absolutely no prior criminal history and has historically been a community oriented hard working individual. Attached hereto are the following documents that evidence Mr. Kirsh's otherwise exemplary background:

   1. Curriculum Vitae of Ronald Kirsh describing that Mr. Kirsh has been in the media business since 1990, that he teaches at the college level related to principles in advertising, and that he is a graduate of the American University in Washington D.C. Mr. Kirsh is 52 years old, has been married for 29 years, and has resided in Nevada for 26 years. Mr. Kirsh has no prior criminal history. In addition to the above stated information, the C.V. reflects that Mr. Kirsh has contributed to the community (without compensation) as a Board member and/or executive of the Las Vegas-Clark County Library District, the Las Vegas Summerlin Rotary Club, the Las Vegas Women in Communication foundation, the Jewish Federation of Las Vegas, the Jewish Family Services Agency, and the Las Vegas Advertising Federation. Finally, the C.V. reflects the additional volunteer work Mr. Kirsh has engaged in for the Las Vegas community;

   2. Copy of the Senatorial Recognition of Nevada Broadcaster's Hall of Fame Induction by Senator Richard Bryan;

   3. Senatorial Recognition of Nevada Broadcaster's Hall of Fame Induction by Senator Harry Reid;

   4. Nevada Broadcaster's Hall of Fame Award;

   5. US Local Business Association's Recognition of Best of Las Vegas 2008;

   6. Recognition of being a Guest Speaker at a communication seminar at CSN;

1

7.  Recognition of being Sergeant at Arms for the Las Vegas Northwest Rotary Club;

8.  Recognition of Mr. Kirsh's years as a Board Member & President of the Jewish Family Service Agency;

4.  **COMMUNITY SUPPORT:**

Mr. Kirsh has tremendous family and community support from people that are aware of this offense and recognize that Mr. Kirsh has an otherwise exemplary background:

- Rabbi Felipe Goodman advises that he has known the Kirsh family for sixteen years and has shared both joyous occasions as well as difficult moments with them. He further states that notwithstanding Ron's faults, he knows Ron to be a charitable and loving person. "Ron never declined a request to help and offered his help without being asked" is the description that Rabbi Goodman gave regarding Ron's community oriented outlook. Rabbi Goodman further outlined that Ron has given his time, energy and resources unselfishly and with a true desire to make the world a better place. See Exhibit 9;

- Dr. Marlene Schwartzer writes that she has known Ron Kirsh for 30 years. Dr. Schwartzer is well aware of the arrest, charges, and guilty plea that has been entered by Ron. Dr. Schwartzer states that Ron is a proud and supportive parent, and active and charitable member of the community, and a welcoming man. Dr. Schwartzer's letter further describes the charitable work that Ron has engaged in as a result of his desire to help the community. See Exhibit 10;

- Eli and Karen Schwartz write that they have known Ron since 1985 and are close friends. They recognize Ron as a generous person, supportive husband, and dedicated father. They understand the charges against Ron and the guilty plea that he has entered into. They request that the Court "consider Ron not only for the action before the Court, but for all his actions in

his life that warrant merit, as well." See Exhibit 11;

- Cliff W. Marcek, Esq., writes that he has known Ron for 15 years as a result of their membership in the Summerlin Rotary Club. He recognizes that Ron has been an active member in the Rotary Club, faithfully attended meetings, and was the emcee at many of their fund raising events. See Exhibit 12;
- Janie Root writes that Ron Kirsh is a doting father, loving husband, and a personable man. Ms. Root knows Ron through his business and as a result of his community council work; See Exhibit 13;
- Robert Murdock, Esq., writes that he is friends with Ron Kirsh and has known him for many years. Mr. Murdock outlines that Ron was a mainstay within the Jewish charities in Las Vegas and that his efforts at the Jewish Family Services Agency and Jewish Federation "resulted in the hungry being fed an the cold being clothed." Mr. Murdock concludes his letter by stating "Ron is my friend who has lost his way. I am hoping Your Honor can see her way to helping Ron instead of simply punishing. I urge the court to give Ron as much leniency as the plea agreement allows." See Exhibit 14.

5.  **COUNSELING:**

Immediately after Ron's arrest in this case he sought a psycho-sexual evaluation from John Pacult, LCSW. (The evaluation will be submitted separately with a Motion to Seal). At that time, based on preliminary information Mr. Kirsh was assessed as a low risk to re-offend (which is the best possible result that can be achieved in such an evaluation). Mr. Kirsh then attended weekly sessions with Mr. Pacult, with the exception of the five weeks where Mr. Kirsh was undergoing in-patient treatment at the Meadows.

Mr. Pacult then re-evaluated Mr. Kirsh on November 27, 2013, a date after Mr. Kirsh had

entered his guilty plea and accepted responsibility for his conduct in this case. After full evaluation, Mr. Pacult again concluded that Mr. Kirsh is a low risk to re-offend. The report notes that Mr. Kirsh has undergone weekly sessions with Mr. Pacult, a five week program at the Meadows, read numerous books related to the underlying issues in this case, and attends Sex Addicts Anonymous daily.

Mr. Pacult's Curriculum Vitae is attached hereto as Exhibit 15. That CV reflects that Mr. Pacult has performed approximately 4,500 psychosexual evaluations and has contracts with the Nevada Department of Parole and Probation to perform evaluations on their behalf.

Mr. Kirsh's letter outlining that he was discharged from the Meadows Program, with Staff Approval, is also submitted to the Court with Mr. Kirsh's Motion to Seal. Attached hereto is a Program Overview outlining the intensity of the counseling program that Mr. Kirsh successfully completed. See Exhibit 16.

6. **SENTENCING OPTIONS:**

**18 U.S.C. §3553 FACTORS:**

The Ninth Circuit Court of Appeals outlined the procedure for sentencing a Defendant post *Booker*, in *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008). Therein, the Court recognized:

> The basic framework is now settled for the district courts' task, and ours on appeal, under *Booker* remedial regime in which the Guidelines are no longer mandatory but are only advisory. *Rita, Gall,* and *Kimbrough* supersede how we, and the courts in this circuit, have approached the sentencing process in the past. Thus, in light of what *Rita, Gall,* and *Kimbrough* have to say:
>
> • The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2).

4

- All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly. In this sense, the Guidelines are "the 'starting point and the initial benchmark,'" *Kimbrough*, 128 S.Ct. at 574 (quoting *Gall*, 128 S.Ct. at 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6.

- The parties must be given a chance to argue for a sentence they believe is appropriate.

- The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S.Ct. at 596-97 n. 6.

The Plea Agreement in this case contemplates a sentencing range of 60 to 72 months. Mr. Kirsh is respectfully requesting a sentence of 60 months.

Mr. Kirsh has been on Pretrial Supervision with GPS Monitoring and has strictly abided by all conditions of his release. Mr. Kirsh immediately sought and obtained counseling after the instant offense, obtained a psychosexual evaluation with favorable results, and completed a five week in-patient addiction program. Mr. Kirsh continues with the aftercare and the twelve step program.

It is clear that Mr. Kirsh, who has an otherwise exemplary background, recognized as a result of the instant offense that he had a problem and he has gone above and beyond in seeking treatment for that problem. Mr. Kirsh accepted responsibility for his conduct early on in the proceedings, which further demonstrates his desire to correct the issues that led to the instant offense.

Even when the USSG Guidelines were binding (pre-Booker) Courts were permitted to take into consideration the Aberrant nature of the Defendant's conduct and the Defendant's post offense rehabilitation.    In *United States v. Working*, 287 F.3d 801, 805 (C.A. 9, 2002), the Ninth Circuit reviewed a District Court's downward departure based on Aberrant conduct.  The Court found that it was appropriate for a District Court to depart based upon the following factors: 1) The isolated nature of the offense, 2) the shock expressed by the Defendant's friends, 3) lack of prior criminal record, 4) outside pressures, and 5) counseling since the offense.

In the instant case, Mr. Kirsh has no convictions, he has a tremendous work history, he has tremendous family and community support, and he has done everything humanly possible to get treatment related to the conduct in this case.  Clearly, this offense was aberrant and this Honorable Court can be satisfied that Mr. Kirsh is doing everything possible to ensure that it will never happen again.

Every circuit which has addressed the issue has held that post-offense conduct and post-conviction rehabilitation can form the basis for a reduced sentence. *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998); *United States v. Rhodes*, 145 F.3d 1375, 1379 (D.C. Cir. 1998); *United States v. Kapitzke*, 130 F.3d 820, 823 (8th Cir. 1997); *United States v Core*, 125 F.3d 74, 77 (2nd Cir. 1997); *United States v. Sally*, 116 F.3d 7680 (3rd Cir. 1997); *United States v. Brock*, 108 F.3d 31, 35 (4th Cir. 1997).  The Tenth Circuit joined the other circuits in holding that post-offense and post-conviction conduct and rehabilitation is a proper basis for downward departure. *United States v. Jones*, 158 F.3d 492, 502-503 (10th Cir. 1998); *United States v. Whitaker*, 152 F.3d 1238, 1231 (10th Cir. 1998). In *Jones*, in particular, the court found that the district court could properly depart downward from the Sentencing Guidelines based upon the

"improvement in his (the defendant's) post-offense conduct."

In the instant case, as demonstrated above, aside from the instant offense Mr. Kirsh has been a productive member of our society and this offense was aberrant. Mr. Kirsh has further demonstrated since the time of this offense that he can abide by conditions of pretrial release, can attend to his family responsibilities, and is beyond willing to continue with treatment.

**CONCLUSION:**

In light of the foregoing, the tremendous community support and letters of good character, the aberrant nature of Mr. Kirsh's offense, and the treatment that Mr. Kirsh has completed, it is respectfully requested that Mr. Kirsh be sentenced to a term of sixty months with Supervised Release of five years.

DATED this 3rd day of December, 2013.

RESPECTFULLY SUBMITTED:

By: _____
RICHARD A. SCHONFELD
Attorney for Defendant
RONALD KIRSH