DANIEL G. BOGDEN
United States Attorney
ROGER YANG
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-348 JAD PAL |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| RONALD DAVID KIRSH, | |
| Defendant. | |

The United States of America by and through Daniel G. Bodgen, United States Attorney, and Roger Yang, Assistant United States Attorney, hereby submits its sentencing memorandum. The government is recommending a 70-month sentence with lifetime supervision to follow.

**FACTS**

On October 4, 2011, a detective from the Henderson Police Department was in a Yahoo chat room, under an undercover identity of a 13-year old girl ("the user") when he was contacted by a Yahoo! Messenger user named "Ron_in_las_vegas" later identified as the defendant. The user simply said, "wow – someone else 'real' in the las vegas room, and not a robot… what a concept." When the user replied that she was in eighth grade and 13 years old, the defendant thanked her and ended communication. The defendant initiated chats with the

1  user several more times over the next few months, but ended communication when the girl
2  stated her age.

3        On October 18, 2012, the defendant contacted the user again. He stated he assumed she
4  was 13 because of her user name. The user responded that she was 13, and asked the defendant
5  how things are going downtown. The defendant asked if they had spoken before, and the user
6  said it had been a while, but yes. The defendant asked the user about her Halloween costume,
7  asked the user if she enjoys chatting with older men, and then asked if they "try to talk dirty to
8  you." The user replied that "sum do, not all" and the defendant said "good --- they gotta respect
9  your age." The defendant asked the user if she has a boyfriend, and the user admits she is not a
10 virgin in response to a statement from the defendant that the user is "early into puberty ----
11 plenty and plenty of time lol." The defendant then begins asking the user about how she lost her
12 virginity. The defendant began discussing "secrets," and asking whether the user's mind is
13 wandering toward thinking about sex.

14       Over the course of the next few months, the defendant continued contacting the user,
15 including a chat session on January 15, 2013 where he calls their chats "flirting." During this
16 chat, the defendant asked the user, "would you be turned on to visit me here at my office?" The
17 defendant said that if they met, he would touch her and she could touch his penis and rub it. On
18 January 17, 2013, the defendant instructed the user to masturbate at the same time as him (in
19 addition to other sexual discussion), and began asking where she lives, and meeting up to have
20 coffee.

21       On March 12, 2013, the defendant asked the user "you are still 15?" and the user
22 responded that she was. The defendant discussed touching the user's vagina, and putting his
23 hand on her lap. On May 3, 2013, the chat session involved discussion of the defendant fondling
24

the girl in the car while driving to a casino hotel, buying her alcohol, and touching her vagina and having oral sex.

On June 3, 2013, the user notes that there are 2 more days in the school year, that she will be in 10th grade, and that she is 15. The defendant discussed clearing time "for meeting – breakfast – and whatever afterwards. Now that school is out – timing is easier." The defendant also sent her a link to an adult pornography video. The defendant claimed to be masturbating, and instructed the user to masturbate.

On June 12, 2013, the defendant arranged to meet the user to have sexual contact, and traveled to the meet location. During a *Mirandized* interview, he admitted to driving to the area to engage in "inappropriate touching" with a 15 year old girl. The defendant admitted talking to the user for about a year and a half, and that the chats turned sexual. The defendant eventually admitted to talking to the girl on the phone, and sending the link to the pornographic video.

**ARGUMENT**

I.  The Probation Office Properly Calculated the Guidelines for the Purposes of Sentencing.

The Court must still make the correct calculations of the Guideline range when sentencing a defendant. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). Consultation of the Guidelines is mandated under Title 18, United States Code, Section 3553(a). *Id.* (collecting cases). The Guidelines remain the "starting point and the initial benchmark" for sentences. *Kimbrough v. United States*, 551 U.S. 85, 108 (2007).

It appears that the parties are in agreement that the calculations of the probation officer are proper. Because the government has given up the ten-year mandatory minimum as part of negotiations, and the parties have agreed to an upward variance to a sentencing range of 60 to 72

months, the government requests that the Court vary upwards and impose a sentence within the range agreed upon by the parties.

II.  A 70-Month Sentence for Coercion and Enticement Is Reasonable and not More than Necessary.

A conviction for violating Title 18 United States Code, Section 2422(b) carries a mandatory minimum sentence of ten years (120 months). As noted by the defendant, his attorney immediately entered into pre-indictment negotiations with the government. As a result of his willingness to plead guilty at an early stage, as well as the defendant's agreement not to litigate a colorable legal issue identified by the defendant's attorney, the government allowed the defendant to plead to Title 18, United States Code, Section 2422(a), which does not carry a mandatory minimum sentence. In addition, however, a conviction under Section 2422(a) results in a dramatic reduction in the Sentencing Guidelines range. Therefore, the parties agreed to apply an upward variance and an agreed upon Sentencing Guideline range of 60 to 72 months.

The defendant has submitted a lot of statements in support. The government acknowledges that the defendant rose to prominence and has done quite a bit of philanthropic work in the community. The defendant is a well-educated man with a lot of resources, a loving family, and plenty of support. He acknowledged during his chats that he had a lot to lose, and that he knew what he was doing was wrong (and illegal). Despite this knowledge, he continued the chats and eventually made plans to meet the undercover officer and showed up to the meet. The government has taken into account the defendant's mitigating deeds and acceptance of responsibility when allowing the defendant to plead to the lesser charge and agreeing to a reduced sentencing range. Therefore, the government recommends a 70 month sentence as reasonable and no greater than necessary to satisfy the sentencing considerations of Title 18, United States Code, Section 3553(a).

III. <u>Aberrant Behavior Does not and Cannot Apply in this Case.</u>

Sentencing Guideline § 5K2.20 provides for a downward departure for aberrant behavior that may apply: "Except where a defendant is convicted of an offense involving... an offense under chapter 71, 109A, 110, or *117*, of title 18, United States Code..." (Emphasis added). U.S.S.G. § 5K2.20(a). A conviction for coercion and enticement under Section 2422(a) is under chapter 117 of Title 18. 18 U.S.C. § 2422(a). By its very terms, a downward departure for "aberrant behavior" under § 5K2.20 may not be given to the defendant.

Defendant's behavior was not "aberrant."[1] Although it is undisputed that the defendant has lived an otherwise law abiding life, the criminal behavior involved significant planning. The government contends that these crimes involve "grooming" behavior: that is, discussing sex and sexuality with the potential victim in order to get her comfortable with sexual contact and sexual conduct. This process takes deliberation, and given the defendant's profession, the government contends that he chose his words carefully when engaging in the criminal conduct. The decision to send a link to adult pornography is further evidence of deliberate action. In addition, the defendant's behavior was not a spur of the moment act, but rather the culmination of almost two years of activity. The fact that the defendant initially backed off when the undercover told him she was 13 years old shows that the defendant was fully aware of what his behavior would lead to and what it meant.

---

[1] U.S.S.G. § 5K2.20 defines "aberrant" behavior as, "a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."

5

# CONCLUSION

Based upon the foregoing reasons, the United States respectfully requests this Court sentence the defendant to 70-months imprisonment with lifetime supervision. The government believes that this is a reasonable sentence based on the facts and circumstances in this case, and is no greater than necessary to address the factors in Title 18, United States Code, Section 3553(a).

DATED: December 10, 2013

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Roger Yang

ROGER YANG
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on December 10, 2013, he served a copy of the attached GOVERNMENT'S SENTENCING MEMORANDUM using electronic email to the following address:

Richard Schonfeld, Esq.
Counsel for defendant KIRSH

/s/ Roger Yang

ROGER YANG