**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff

v.

Ronald Kirsh,

Defendant

Case No.: 2:13-cr-00348-JAD-PAL

**Order Granting Motions for Early Termination of Supervised Release, Leave to File Under Seal, and Appointment of Counsel**

[ECF Nos. 21, 22, 24]

Ronald Kirsh is more than six years into a lifetime term of supervised release after completing a fifty-month sentence for transportation with intent to engage in criminal sexual activity.[1] He now moves to end his supervision early, contending that he has complied with all relevant conditions and meets the statutory criteria for early termination.[2] The government does not oppose his request. I grant his motion for early termination of supervised release because he meets the qualifying criteria. And because Kirsh has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal.

**I. Kirsh is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[3] Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a

---

[1] ECF No. 20; ECF No. 24 at 1.

[2] ECF No. 24 at 1.

[3] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

person's eligibility should be resolved in favor of eligibility."[4] Kirsh's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed to him, so I grant his request to appoint counsel.

**II. Kirsh's financial affidavit will remain sealed.**

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[5] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[6] But "access to judicial records is not absolute."[7] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[8] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Kirsh filed here because they are administrative, not judicial, in nature.[9] I find that reasoning persuasive and adopt it here. So, because Kirsh's affidavit is an administrative

---

[4] The Plan for Administration of the CJA of 1964 at 7–8.

[5] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[6] *Id.* (cleaned up).

[7] *Id.*

[8] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[9] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

## II. Kirsh is entitled to early termination of his supervised release.

District courts may, "[a]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), . . . terminate a term of supervised release" after the expiration of the first year of supervised release if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[10] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.[11] But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its consideration.[12] District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[13] According to the Ninth Circuit, "a district court enjoys discretion to consider a wide range of circumstances" in making an early termination decision.[14]

Kirsh meets the statutory criteria for early termination of supervision. While the serious nature of his offense weighs against termination, his history and personal characteristics weigh in favor of termination. Kirsh has had no disciplinary issues since commencing supervision, paid

---

[10] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quotation omitted).

[11] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[12] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

[13] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

[14] *Id.*

his $40,000 fine in full, and is in the maintenance phase of sex-offender treatment.[15] The record also reflects that he has made significant efforts to help himself and others. After completing the Sex Offender Management Program (SOMP) while in prison, Kirsh has become a SOMP mentor.[16] He has also continued attending Sex Addicts Anonymous meetings since his release and works to "help[] others from going down the same road."[17] Kirsh has maintained a healthy lifestyle and maintains a close relationship with family; he is close with his daughter and grandchildren and cares for his sister, who was diagnosed with a brain tumor.[18] According to his probation officer, Kirsh "has been 100% compliant the entire time he has been on supervised release."[19] The government, having conferred with the United States Probation Office, does not oppose Kirsh's request.[20] Because I am satisfied that Kirsh's conduct warrants the early termination of his supervised release based on the 18 U.S.C. § 3553(a) factors and that such relief is in the interest of justice, I grant his motion and order that his supervision be terminated.

---

[15] ECF No. 24 at 3–4.

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] ECF No. 26.

**Conclusion**

IT IS THEREFORE ORDERED that Kirsh's motion for early termination of supervised release **[ECF No. 24] is GRANTED**. Kirsh's supervision is TERMINATED.

IT IS FURTHER ORDERED that Kirsh's renewed motion for appointment of counsel **[ECF No. 21] is GRANTED *nunc pro tunc* to August 15, 2024**, and his motion for leave to file his affidavit under seal **[ECF No. 22] is also GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 23**.

U.S. District Judge Jennifer A. Dorsey
September 11, 2024